## -IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD EDWIN BOYSEL, Jr.,**

    **Plaintiff,**

**v.**                                         **CIVIL ACTION NO. 1:14cv8**
                                                         **(Judge Keeley)**

**J. FACEMIRE, C.O. II**
**MELISSA BUNNER,**
**JIM RUBENSTEIN, Commissioner,**
**JOSEPH DELONG,**
**JOSEPH THORNTON,**
**AMANDA GUMP,**
**WV DEPT OF MILITARY AFFAIRS AND PUBLIC SAFETY,**
**GEORGE TRENT, Jr.,**
**WEST VIRGINIA REGIONAL JAIL AUTHORITY,**
**JOSEPH DELONG, Executive Director, WVRJA,**
**PRIME CARE MEDICAL,**
**MELISSA BUNNER, Medical Administrator at NCRJ,**
**JANE DOE NURSING STAFF MEMBER,**
**WV DIVISION OF CORRECTIONS,**

    **Defendants.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On January 13, 2014, the *pro se* plaintiff initiated this case by filing a civil rights complaint against a number of defendants. On January 14, 2014, the plaintiff was granted leave to proceed *in forma pauperis*. On March 28, 2014, the plaintiff filed a Motion for leave to file an amended complaint. On March 31, 2014, an Order was entered granting the plaintiff's motion and directing the Clerk of Court to send the plaintiff a blank 1983 form complaint to the plaintiff. The Order advised the plaintiff that only those defendants and claims presented in the Amended Complaint would be considered, and the original complaint would be superceded. On April 21, 2014, the plaintiff filed his

amended complaint. This matter is pending before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e).

## I. Plaintiff's Contentions

### A. The Complaint[1]

The plaintiff alleges that on December 19, 2013, while he was housed at the North Central Regional Jail, he was involved in a physical altercation with a fellow inmate. The plaintiff further alleges that defendant J. Facemire approached him and the other inmate and ordered them both to get face down on the floor or they would be sprayed with O.C. spray. The plaintiff alleged that he and the other inmate separated, and he laid face down on the floor with his legs crossed and hands behind his back. The plaintiff maintains that he was fully cooperative and obeyed defendant Facemire's orders. The plaintiff next alleges that defendant Facemire was excessively forceful in applying restraints and aggressively thrust his knee into the back of his head, causing his face to slam onto the concrete floor with such force that his face immediately began to swell. The plaintiff maintains that he was then placed in a segregation cell instead of being placed under supervision for his facial/head injuries. The plaintiff maintains he lost consciousness several times and his nose bled profusely. The plaintiff alleges that defendant Facemire told him not to worry, the bleeding would stop. Approximately two hours after being in the segregation cell, the plaintiff alleges the "Pill Pass Nurse" arrived, and he was unable to rise and go to the door but instead collapsed and had a seizure. The plaintiff further alleges that he woke up strapped to a stretcher in the Medical Unit as staff called 911 to have him transported to United Hospital Center in Clarksburg. After arriving at the hospital, the plaintiff alleges that the examining physician discovered several broken bones in his face which required reconstructive

---

[1]For purposes of this Report and Recommendation, when referring to the complaint in the following sections, the undersigned is referring to the plaintiff's amended complaint (Doc. 17).

surgery. The plaintiff maintains that he was forced to eat infant meal for two months which caused him to lose weight. For relief, the plaintiff seeks: (1) to have all the defendants "remanded;" (2) a requirement that all WV Regional Jail and Correctional Staff be required to attend mandatory instruction in the proper way to address situations such as this; (3) to have all his present and future medical bills paid; (4) to have all his present and future attorney fees paid; and (5) 1.5 million dollar in damages.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. *See* Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *See* Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and

3

the court is obliged to construe liberally such complaints.  However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court elaborated on its holding in Twombly in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a civil rights case.  The court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must except as true all of the allegations contained in a complaint is in inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.   While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.   When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50.

### III. Analysis

**1. WV Department of Military Affairs and Public Safety. West Virginia Regional Jail Authority**

**WV Division of Corrections**

The plaintiff's complaint indicates that he is attempting to state a claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). Here, the plaintiff cannot establish that any of these defendants is a "person" for purposes of § 1983. In Roach v. Burch, 825 F.Supp. 116 (N.D.W.Va. 1993), this Court directly addressed whether the West Virginia Regional Jail Authority and Correctional Facility ("Authority") was a "person" subject to suit under § 1983. After applying generally accepted factors[2] used to determine whether a State agency is "an arm" or "alter ego" of the State and, therefore, the same as the State for purposes of sovereign immunity, this Court concluded that "as the State, the Authority is not a 'person' suable under § 1983." Roach, supra at 118. See also, Will v. Michigan Department of State Police, 491 U.S. 58 (1989)(finding that a State is not a "person" for purposes of § 1983); Woods v. Western Regional

---

[2] Those factors were: whether its powers are substantially created by the legislature; whether its governing board's composition is prescribed by the legislature; whether it operates on a statewide basis; whether it is financially dependent on public funds; and whether it is required to deposit funds in the state treasury.

Jail, 2011 WL 805793 *S.D.W.Va (Feb. 4, 2011)(finding that the jail is not a person for purposes of § 1983); Cantley v. Western Regional Jail and Correctional Facility Authority, 728 F.Supp.2d 803 (S.D.W.Va 2010)(finding that the West Virginia Regional Jail Authority and Correctional Facility is not a "person" for purposes of a claim for money damages under § 1983). According, these defendants must be dismissed.

**2. Prime Care Medical**

Generally speaking, Prime Care Medical is not a "person" for purposes of 42 U.S.C. § 1983, and the plaintiff makes no allegation that it was directly involved in his treatment or lack thereof. The undersigned recognizes that "a private corporation [which is a state actor] is liable under § 1983 when an official policy or custom of the corporation caused the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999).[3] Here, to the extent that the plaintiff is attempting to raise a claim of a deliberate indifference to a serious medical need, he makes absolutely no allegation that any official policy or custom of Prime Care Medical was the cause. Therefore, Prime Care Medical is due to be dismissed as a defendant.

**3. Jim Rubenstein, Joseph Delong, Joseph Thorton, George Trent**

In the instant case, plaintiff makes no specific allegations of a violation of any constitutional right against Jim Rubenstein, Joseph Delong, Joseph Thorton, or George Trent. Instead, it appears that plaintiff merely names them in their official capacity as the commissioner of the WVDOC, executive director of the WVRJA, secretary of the WV Department of Miliary Affairs and Public Safety, and the administrator of the North Central Regional Jail.. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is

---

[3] A private entity which contracts with the state to provide medical services acts "under color of state law." West v. Atkins, 487 U.S. 42, 54 (1988).

an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)).

Liberally construed, the plaintiff's complaint is two-fold. First, he alleges that he was the victim of excessive force on the part of defendant Facemire, and second, that his facial injuries were not promptly or properly treated. Here, the plaintiff has made no allegation that would support a finding that a policy or custom of either the WVDOC, the WVRJA, the WV Department of Military Affairs and Public Safety, or the North Central Regional Jail led to the alleged excessive force by defendant Facemire or the alleged improper or untimely treatment of his injuries. Finally, to the extent that the plaintiff may be asserting that one or more of these defendants were deliberately indifferent to his needs by denying his administrative grievances, that claim is also without merit because that is not the type of personal involvement required to state a claim. See Paige v. Kuprec, 2003 W.L. 23274357 *1 (D.Md. March 31, 2003). Accordingly, these four defendants should be dismissed for failure to state a claim upon which relief can be granted.

**4. Melissa Bummer, Amanda Gump**

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ...claim is and the grounds upon which it is rests." Twombly, 550 U.S. at 555) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, to avoid dismissal for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the

speculative level." Id. In order to impose liability against a defendant under section 1983, there must be an actual connection or link between the defendant's conduct and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 758 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

With respect to Melissa Bunner and Amanda Gump, the plaintiff does nothing more than list them as defendants and identify their job title. According to the plaintiff, Ms. Bunner is the Medical Administrator at the NCRJ, and Amanda Gump is a Lieutenant at the NCRJ. Beyond that, the plaintiff provides no information as to what role these two defendants played in any deprivation of the plaintiff's constitutional rights. Neither they, nor this Court should be required to guess at their involvement, and accordingly, they should be dismissed as defendants.

**5. Jane Doe Nursing Staff**

The plaintiff alleges that the nursing staff "sent him back to cell with denial of proper medical treatment." (Doc. 17, p. 5). To state a claim under the Eighth Amendment, the plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

In this particular case, taken as true, the plaintiff's complaint does indicate that he had a serious medical need. Moreover, if, indeed, nursing staff did not provide timely or proper medical care, his complaint does raise a colorable claim for deliberate indifference.

A plaintiff may name "Jane Doe" as a defendant when the identity of a defendant is unknown. Boyd v. Gullet, 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required

"to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court. Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980). Accordingly, the undersigned recommends that the plaintiff be afforded thirty day from entry of this Report and Recommendation to supply the names of the nurses he alleges were deliberately indifferent to his medical needs. In the event the plaintiff fails to do so, the undersigned recommends that the plaintiff's complaint, with respect to the Jane Doe Nursing Staff be dismissed without prejudice.

**J. Facemire**

The substance of the plaintiff's complaint concerns his allegation that defendant Facemire used excessive force against him and caused significant facial injuries. In the context of a claim by a prisoner that he was subjected to excessive force by prison employees, the source of the ban against such force is the Eighth Amendment's ban on cruel and unusual punishments. The validity of the prisoner's claim must "be judged by reference to th[is] specific constitutional standard . . . rather than to some generalized 'excessive force' standard." Graham, 490 U.S. at 394; see, e.g., Whitley v. Albers, 475 U.S. 312, 318-326 (1986) (claim of excessive force to subdue convicted prisoner is to be analyzed under an Eighth Amendment standard). Moreover, while courts should give deference to a jail official's determination of what measures are necessary to maintain discipline and security, "the unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment which is prohibited by the Eighth Amendment. Whitley, 475 U.S. at 321-22. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson v. McMillian, 503 U.S. 1, 4 (1992). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." Id. at 1178. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the

9

use of force could plausibly have been thought necessary' in a particular situation." Hudson, 503 U.S. at 7 (quoting Whitley, 475 U.S. at 321).

In the instant case, the plaintiff's complaint clearly establishes a colorable claim against defendant Facemire and is more than sufficient to survive initial review. The plaintiff alleges that he exhausted his administrative remedies, but the attachments to his original complaint do not support his claim of exhaustion, and he supplied no attachments with his amended complaint. Therefore, it is not clear that he has properly exhausted the administrative remedy process. However, failure to exhaust is an affirmative defense, and the burden falls on the defendant to establish non-exhaustion.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) the plaintiff's claims against Melissa Bunner, Jim Rubenstein, Joseph Delong, Joseph Thorton, Amanda Gump, the West Virrginia Department of Military Affairs and Public Safety, George Trent, the West Virginia Regional Jail Authority, Prime Care Medical, and the West Virginia Division of Corrections be **DISMISSED with Prejudice**;

(2) the plaintiff's claim against defendant J. Facemire proceed, and that he be **SERVED** with a copy of the summons and complaint through the United States Marshall Service; and

(3) the plaintiff be afforded thirty days from entry of this Report and Recommendation to identify the Jane Doe Nursing Staff, and in the event he fails to do so, that said defendants be **DISMISSED without Prejudice**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Court.

Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 10, 2014.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE